FILED
MCLENNAN COUNTY
7/30/2015 4:44:22 PM
JON R. GIMBLE
DISTRICT CLERK
Maxine Barton

Cause No. 2015-3093-5

| | | |
|---|---|---|
| SAI HOTEL GROUP LTD. DBA AMERICAS BEST VALUE INN<br>*Plaintiffs* | § § § § | IN THE DISTRICT COURT OF |
| V. | § § | MCLENNAN COUNTY, TEXAS |
| STEADFAST INSURANCE COMPANY AND THOMAS GOLLATZ<br>*Defendants* | § § § § | 414TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND

Plaintiff SAI HOTEL GROUP LTD. DBA AMERICAS BEST VALUE INN ("SAI Hotel Group" or "Plaintiff") by and through its attorneys, files this Original Petition & Jury Demand against Defendant STEADFAST INSURANCE COMPANY ("Steadfast") and THOMAS GOLLATZ ("Gollatz") (collectively "Defendants") and would respectfully show the following:

### Discovery Control Plan

1.1   Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

### Parties

2.1   Plaintiff SAI Hotel Group a domestic limited partnership.

2.2   Upon information and belief, Defendant Steadfast is a foreign surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Steadfast regularly and systematically issues insurance policies in the State of Texas but does not maintain an agent for service. Accordingly, Steadfast may be served by mailing certified

1

EXHIBIT C

mail, return receipt requested to <u>Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701</u> who can forward process to President, 1400 American Lane Tower 1, 19th Floor, Schaumburg, Illinois 60196-1056.

2.3   Upon information and belief, Thomas Gollatz is an individual living and residing in the State of Texas and may be served with process at <u>Thomas Gollatz, 206 Starlight Trail, Georgetown, Texas 78633.</u>

## Venue & Jurisdiction

3.1   Venue is proper in McLennan County under Tex. Civ. Prac. & Rem. Code section 15.002(a)(1), as all or a substantial part of the events or omissions giving rise to this claim occurred in McLennan County and Plaintiff's property is located in McLennan County, Texas. In particular, the insurance policy at issue and of which Plaintiff is a beneficiary was to be performed in McLennan County, Texas and the losses under the policy (including payments to be made to Plaintiff under the policy) were required to be made in McLennan County, Texas. Further, investigation, including investigation of the claim and communications to and from Defendants and Plaintiff (including telephone calls, mailings, and other communications to Plaintiff) occurred in McLennan County, Texas.

3.2   Plaintiff seeks damages within the jurisdictional limits of this Court. Plaintiffs trust the jury to evaluate the evidence, but at this time, Plaintiff seeks monetary relief in an amount over $1,000,000. Plaintiff reserves the right to modify the amount and type of relief sought in the future.

2

### General Allegations

4.1   On or before October 2, 2014 Plaintiff entered into a contract, Policy No. CPP 5881078-00, with Steadfast whereby Steadfast would provide property insurance for the commercial property located at 115 Jack Kultgen Expressway, Texas 76704 (the "Property") in exchange for the timely payment of premiums (the "Policy"). The Policy was sold by Steadfast to Plaintiff as the insured under the Policy and provides coverage for the Property resulting from wind and hail.

4.2   On or about October 2, 2014, Plaintiff's property was substantially damaged by the severe wind and hail storm that struck the area. As a result, the roofs, exteriors, interiors, HVAC, and other structures of the Property were substantially damaged. Immediately after the storm, Plaintiff filed an insurance claim under the Policy with Steadfast for damages to the Property caused by the wind and hail storm. Plaintiff asked that the cost of repairs be covered pursuant to the Policy.

4.3   Steadfast is the insurer on the Property. In response to the claim, Steadfast assigned adjusters, consultants, and agents to Plaintiff's file that were inadequate and improperly trained. Specifically, Steadfast assigned Plaintiff's claim to an internal adjuster who is not licensed to adjust claims in Texas. In turn, Steadfast's employee assigned Thomas Gollatz as the local adjuster charged with assessing damages under the Policy. Mr. Gollatz was improperly trained and not equipped to handle this type of claim.

4.4   Mr. Gollatz failed to perform a thorough investigation of the claim. Mr. Gollatz performed substandard inspections of the Property and, after one short

visit to the Property, prepared an estimate of damages. That estimate grossly underestimated the extent and value of the damages to the Property. Admittedly, Steadfast relied exclusively on Mr. Gollatz's substandard investigation in determining what amounts, if any, to pay on Plaintiff's claim and failed to perform its own investigation. As a result of Mr. Gollatz's haphazard inspection, misrepresentations, and inadequate investigation, on November 7, 2014, Steadfast completely denied Plaintiff's claim. Steadfast and Mr. Gollatz performed an inadequate, incomplete and unreasonable investigation of Plaintiff's claim, which is evidenced by the estimates and reports that fail to account for the necessary repairs for the Property.

4.5  Steadfast and Mr. Gollatz wrongfully denied Plaintiff's claim for property repairs. Furthermore, Steadfast and Mr. Gollatz underestimated what damages they did accept during the investigation. Steadfast and Mr. Gollatz represented to Plaintiff that certain damages were not covered under the Policy when in fact they were. Mr. Gollatz refused to provide answers to Plaintiff during the claims process, further delaying resolution of Plaintiff's claim in violation of his duties under Texas law. Steadfast and Mr. Gollatz have chosen to continue to deny timely payment of the damages. As a result, Plaintiff has not been fully paid under the Policy provided by Steadfast since the hail storm. Plaintiff was forced to hire its own consultant to independently evaluate the damages to the Property because Steadfast and Mr. Gollatz refused to do so. Plaintiff's own expert has identified substantial damage far beyond what Defendants acknowledged. To this day,

however, Steadfast refuses to pay for the necessary repairs to the Property as required under the Policy.

4.6  As a result of Defendants' acts and/or omissions, Plaintiff was required to retain an attorney to prosecute its claim for insurance benefits.

4.7  Unfortunately, Defendants have delayed payment for Plaintiff's necessary and covered property repairs under the insurance policy that Steadfast wrote. Given the repeated delays of payment, Plaintiff has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. Because of Defendants' delays, denials, and underpayment, Plaintiff has been unable to make necessary repairs to the Property which has resulted in further damages to the Property, including additional interior and roof damage, among others. In addition, Plaintiff has suffered financial harm and damage as a result of Defendant's denials and repeated delays. The significant effect of Defendant's wrongful and unjustified delays, however, is still uncompensated.

### FIRST CAUSE OF ACTION----Violations of Texas Insurance Code

5.1  Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-4.7 of this Petition as if fully set forth herein.

5.2  Steadfast and Mr. Gollatz failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

5.3  Steadfast and Mr. Gollatz failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

5.4     Steadfast and Mr. Gollatz failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

5.5     Steadfast and Mr. Gollatz refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

5.6     Steadfast and Mr. Gollatz misrepresented the insurance policy under which it affords Property coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Steadfast and Mr. Gollatz misrepresented the insurance policy to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

5.7     Steadfast and Mr. Gollatz misrepresented the insurance policy under which it affords Property coverage to Plaintiff, by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Steadfast and Mr. Gollatz misrepresented the insurance policy to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

5.8     Steadfast and Mr. Gollatz misrepresented the insurance policy under which it affords Property coverage to Plaintiff, by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas

Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Steadfast and Mr. Gollatz misrepresented the insurance policy to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

5.9   Steadfast and Mr. Gollatz knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

<u>SECOND CAUSE OF ACTION----Prompt Payment of Claim</u>

6.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-5.9 of this Petition as if fully set forth herein.

6.2   Steadfast and Mr. Gollatz failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

6.3   Steadfast and Mr. Gollatz failed to timely commence investigation of the claim or to request from Plaintiff any additional items, statements or forms that Steadfast and Mr. Gollatz reasonably believe to be required from Plaintiff in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

6.4.   Steadfast and Mr. Gollatz failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Steadfast and Mr. Gollatz in violation of Texas Insurance Code Section 542.056(a).

7

6.5   Steadfast and Mr. Gollatz delayed payment of Plaintiff's claim in violation of Texas Insurance Code Section 542.058(a).

### THIRD CAUSE OF ACTION---Statutory Interest

7.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-6.5 of the Petition as if fully set forth herein.

7.2   Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### FOURTH CAUSE OF ACTION---Breach of Contract

8.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-7.2 of the Petition as if fully set forth herein.

8.2   Steadfast breached its contracts with Plaintiff. As a result of Steadfast's breaches, Plaintiff suffered legal damages.

### FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing

9.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-8.2 of the Petition as if fully set forth herein.

9.2   Steadfast, as the property coverage insurer, had a duty to deal fairly and in good faith with Plaintiff in the processing of the claim. Steadfast breached this duty by refusing to properly investigate and effectively denying insurance benefits. Steadfast knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Steadfast's breach of these legal duties, Plaintiff suffered legal damages.

### SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith

10.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-9.2 of this Petition as if fully set for herein.

10.2   Steadfast and Mr. Gollatz fraudulently and with malice (as that term is legally defined) in denying Plaintiff's claim for benefits. Further, Steadfast and Mr. Gollatz had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs.

### SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA

11.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-10.2 of this Complaint as if fully set forth herein.

11.2   The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

### EIGHTH CAUSE OF ACTION---Fraud

12.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-11.2 of this Complaint as if fully set forth herein.

12.2   Steadfast and Mr. Gollatz acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason they would not have acted and which Steadfast and Mr. Gollatz knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that

9

they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## KNOWLEDGE

13.1   Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## RESULTING LEGAL DAMAGES

14.1   Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

14.2   As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

14.3   Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.4   Defendants' knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

14.5   Plaintiff is entitled to statutory interest on the amount of its claim at the rate of 18% per year as damages under the Texas Insurance Code §542.060(a).

14.6  Plaintiff is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code §542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Plaintiff have judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

RAIZNER SLANIA LLP

JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY BAILEY HARGIS
State Bar No. 24078630
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax: 713.554.9098
Email: efile@raiznerlaw.com

- and -

Craig D. Cherry
State Bar No. 24012419
Haley & Olson, PC
510 North Valley Mills Drive, #600
Waco, Texas 76710
Phone: 254-776-3336

Fax: 254-776-6823
ccherry@haleyolson.com

**ATTORNEYS FOR PLAINTIFFS**

### JURY DEMAND

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____
JEFFREY L. RAIZNER