

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | | |
|---|---|---|
| SAI HOTEL GROUP LTD. DBA AMERICAS BEST VALUE INN, **Plaintiff,** | § § § § | |
| **v.** | § § § | CIVIL ACTION NO. W-15-CV-263 |
| STEADFAST INSURANCE COMPANY and THOMAS GOLLATZ, **Defendants.** | § § § § § | |

## MEMORANDUM OPINION AND ORDER

This removal action arises out of Plaintiff's claim that it was not sufficiently reimbursed for damages to its commercial property after a storm. He seeks recovery under various theories, including violations of various sections of the Texas Insurance Code, breach of contract, breach of the duty of good faith and fair dealing, fraud, and violations of the Texas Deceptive Trade Practices Act. Plaintiff sues not only the insurance policy holder but the claims adjuster who evaluated the damages to the covered property. Defendants removed the action based upon diversity jurisdiction, asserting that the claims adjuster, Thomas Gollatz ("Gollatz"), was improperly joined as a defendant. Plaintiff has filed a Motion to Remand, asserting that there is a valid cause of action against Gollatz, thus destroying diversity. Having reviewed the parties' briefs, the pleadings, and the applicable legal authority, the Court is persuaded Plaintiff's motion is meritorious and should be granted.

## I. ALLEGATIONS AGAINST DEFENDANT GOLLATZ

In the Original Petition, Plaintiff makes the following factual allegations in regard to the claims against Defendants :

4.1    On or before October 2, 2014 Plaintiff entered into a contract, Policy No. CPP 5881078-00, with Steadfast whereby Steadfast would provide property insurance for the commercial property located at 115 Jack Kultgen Expressway, Texas 76704 (the "Property") in exchange for the timely payment of premiums (the "Policy"). The Policy was sold by Steadfast to Plaintiff as the insured under the Policy and provides coverage for the Property resulting form wind and hail.

4.2    On or about October 2, 2014, Plaintiff's property was substantially damaged by the severe wind and hail storm that struck the area. As a result, the roofs, exteriors, interiors, HVAC, and other structures of the Property were substantially damaged. Immediately after the storm, Plaintiff filed an insurance claim under the Policy with Steadfast for damages to the Property caused by the wind and hail storm. Plaintiff asked that the costs of repairs be covered pursuant to the Policy.

4.3    Steadfast is the insurer on the Property. In response to the claim, Steadfast assigned adjusters, consultants, and agents to Plaintiff's file that were inadequate and improperly trained. Specifically, Steadfast assigned Plaintiff's claim to an internal adjuster who is not licensed to adjust claims in Texas. In turn, Steadfast's employee assigned Thomas Gollatz as the local adjuster charged with assessing damages under the Policy. Mr. Gollatz was improperly trained and not equipped to handle this type of claim.

4.4    Mr. Gollatz failed to perform a thorough investigation of the claim. Mr. Gollatz performed substandard inspections of the Property and, after one short visit to the Property, prepared an estimate of damages. That estimate grossly underestimated the extent and value of the damages to the Property. Admittedly, Steadfast relied exclusively on Mr. Gollatz's substandard investigation in determining what amounts, if any, to pay on Plaintiff's claim and failed to perform its own investigation. As a result of Mr. Gollatz's haphazard inspection, misrepresentations, and inadequate investigation, on November 7, 2014, Steadfast completely denied Plaintiff's claim. Steadfast and Mr. Gollatz performed an inadequate, incomplete and unreasonable investigation of Plaintiff's claim, which is evidenced by the estimates and reports that fail to account for the necessary repairs for the Property.

4.5    Steadfast and Mr. Gollatz wrongfully denied Plaintiff's claim for property repairs. Furthermore, Steadfast and Mr. Gollatz underestimated what damages they did accept during the investigation. Steadfast and Mr. Gollatz represented to Plaintiff that certain damages were not covered under the Policy when in fact they were. Mr. Gollatz refused to provide answers to Plaintiff during the claims process, further delaying resolution of Plaintiff's claim in violation of his duties under Texas law. Steadfast and Mr. Gollatz have chosen to continue to deny timely payment of the damages. As a result, Plaintiff has not been fully paid under the Policy

provided by Steadfast since the hail storm. Plaintiff was forced to hire its own consultant to independently evaluate the damages to the Property because Steadfast and Mr. Gollatz refused to do so. Plaintiff's own expert has identified substantial damage far beyond what Defendants acknowledged. To this day, however, Steadfast refuses to pay for the necessary repairs to the Property as required under the Policy.

Plaintiff's Original Petition, pp. 3-5.

## II. DISCUSSION

The question of whether joinder is improper in a removal case arises in connection with the requirement of 28 U.S.C. § 1441(b) that there be diversity of citizenship among the parties to the action who are "properly joined." A defendant may remove on diversity grounds only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting 28 U.S.C. § 1441(b)). The burden of proving fraudulent or improper joinder is a heavy one. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1991). *See also Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984); *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005) (*Smallwood II*) ("The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."). The removing party must demonstrate either: (1) "that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts;" or (2) that there is no possibility that the plaintiff will be able to establish a valid state cause of action against the non-diverse defendant. *Green v. Amerada Hess*, 707 F.2d at 205. There is no

3

allegation or inference of outright fraud in this case. Defendants merely assert that Plaintiff has no viable cause of action against Gollatz.

Removal cases raise significant federalism concerns as "the effect of removal is to deprive the state court of an action properly before it." *Gasch*, 491 F.3d at 281-282 (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood II*, 385 F.3d at 573. In making such a determination, the Court must "resolve any questions of material fact, and any ambiguity or uncertainty in the controlling state law, in [Plaintiffs'] favor." *Griggs*, 181 F.3d at 699. In determining whether a party was improperly joined, the Court must analyze the causes of action alleged in the state court petition at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

In a few cases "in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood II*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n. 10 (5th Cir. 2000)). Nothing before the Court indicates that a "piercing" of the pleadings is required.

In analyzing Plaintiff's claims, the analysis does not focus on whether the plaintiff "will actually or even probably prevail on the merits of the claim," but whether there is "a *possibility* that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th

4

Cir. 1997), *cert. denied*, 523 U.S. 1072, 118 S.Ct. 1511, 140 L.Ed.2d 665 (1998) (emphasis added). "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,' "and the case must be remanded for lack of diversity."'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993))).

The court must analyze the state court petition in effect at the time of removal to determine whether it provides a reasonable basis to believe that the plaintiff may recover against the non-diverse defendant under Texas law. *Smallwood II*, 385 F.3d at 573-74. If the state court petition provides a reasonable basis for recovery on just one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

Texas notice pleadings should apply in conducting this analysis since application of the more rigorous Federal standards could not have been anticipated at the time the petition was filed. *See Energy Ventures Management, LLC v. United Energy Group, Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015). Texas' "fair notice" standard for pleading is embodied in Rule 47 of the Texas Rules of Civil Procedure, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved." This standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Id.* (citing *Hayden v. Allstate Tex. Lloyds*, No. H-10-646, 2011 WL 240388, at *7 (S.D. Tex. Jan. 20, 2011)). "The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Edwea, Inc. v Allstate Ins. Co.*, No. H-10-2970,

2010 WL 5099607, *3 (S.D.Tex. Dec. 8, 2010). "A court must uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Id.* (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

In 2013, the Texas Legislature added Rule 91a to the Texas Rules of Civil Procedure, which provides a standard for dismissal on the pleadings similar to that found in Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the "fair notice" standard of Rule 47 of the Texas Rules of Civil Procedure remains in effect. Courts which have analyzed improper joinder since the enactment of Rule 91a have for the most part determined that the "fair notice" standard is still applicable in analyzing state-court pleadings. *See SL Pathology Leasing of Texas LLC v. Miraca Life Sciences, Inc.*, No. H-14-3723, 2015 WL 1392967 (S.D. Tex., Mar. 25, 2015) (Atlas, J.); *Puricelli v. ARNS Investments, LLC*, No. 3:14-CV-4018-M-BN, 2015 WL 500167 (N.D.Tex. Feb. 4, 2015) (Lynn, J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277 (N.D.Tex., Oct. 31, 2014) (Lindsay, J.); *Oldham v. Nationwide Ins. Co. Of America*, No. 3:14-CV-575-B, 2014 WL 3855238 (N.D.Tex., Aug. 5, 2014) (Boyle, J.). Although no published Fifth Circuit opinion has directly addressed the issue, at least one unpublished opinion has continued the "fair notice" evaluation even after the passage of Rule 91a. *See Michels v. Safeco Ins. Co. of Ind.*, 544 F.App'x 535, 538 (5th Cir. 2013). In the absence of a definitive answer, the legal analysis should weigh in favor of Plaintiff's position.

In the Original Petition, Plaintiff alleges causes of action under the Texas Insurance Code and the Texas Deceptive Trades Practices Act, as well as claims based upon breach of contract, breach of the duty of good faith and fair dealing, and fraud.

As previously noted, the state court petition must provide a reasonable basis for recovery on just one cause of action against the allegedly improperly joined defendant for diversity to be destroyed.

Section 541.151 of the Texas Insurance Code permits an individual who has sustained "actual damages" to bring an action "against another person for those damages caused by the other person engaging in . . . an unfair or deceptive act or practice in the business of insurance."  An insurance adjuster is specifically included under the definition of "person" under the Insurance Code.  TEX. INS. CODE § 541.002(s).  An "unfair or deceptive act or practice in the business of insurance" includes engaging in a variety of numerated "unfair settlement practices." *Id.*, §§ 541.060(a); 541.151.

As previously noted, Plaintiff's Original Petition enumerated several instances in which Gollatz's actions constitute violations of the Texas Insurance Code.  This is sufficient under Texas' "fair notice" standard to state a claim.  Defendants have failed to meet their burden of establishing that Defendant Gollatz was fraudulently joined.  Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and this action is hereby remanded to the 414th Judicial District Court in McLennan County, Texas.  It is further

**ORDERED** that any motions not previously ruled upon by the Court are **DENIED**.  **SIGNED** this __27__ day of October, 2015.

WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE

7